IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 18, 2009

## JOSE ZACARIAS QUINTEROS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. GS320943     J. Randall Wyatt, Jr., Judge**

_____

**No.  M2008-01281-CCA-R3-PC - Filed September 17, 2009**

_____

Petitioner, Jose Zacarias Quinteros, filed a petition for post-conviction relief in which he alleges that his guilty plea was involuntary and that he received ineffective assistance of counsel after he pled guilty to driving without a license in Davidson County in April of 2007.  After a hearing, the post-conviction court denied relief.  We determine that Petitioner has failed to show that he received ineffective assistance or that his guilty plea was entered involuntarily.  Accordingly, the judgment of the post-conviction court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court are Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Sean Lewis, Nashville, Tennessee, for the appellant, Jose Zacarias Quinteros.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; Victor S. Johnson, III, District Attorney General, and Amy Eisenbeck, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Petitioner, who does not speak English, was stopped by a Davidson County police officer for driving with an expired license tag.  When the officer approached the vehicle on April 25, 2007, Petitioner was unable to produce a driver's license.  The officer charged Petitioner with driving without a license.  The next day, Petitioner pled guilty in General Sessions Court to driving without a license.  At the guilty plea hearing, Petitioner was represented by an attorney from the Public

Defender's Office and was provided with an interpreter.[1] He was sentenced to time served, ten hours, and released from custody.

Subsequently, Petitioner filed a petition for post-conviction relief in which he alleged that he received ineffective assistance of counsel and that he entered an unknowing and involuntary guilty plea. Specifically, Petitioner argued that his counsel did not inform him of the consequences of the guilty plea and that he was told by the interpreter that he had to plead guilty. Petitioner also alleged that the interpreter was essentially practicing law when she told Petitioner that he had to plead guilty to the charges.

The post-conviction court held a hearing on the petition on April 3, 2008. At the hearing, Petitioner informed the court that he does not speak or read English and that he has a sixth grade education. According to Petitioner, he was pulled over by a police officer for driving with an expired tag as he left his job at Shoney's in Bellevue. The officer asked Petitioner for his driver's license and Petitioner provided him with proof of insurance.

Petitioner claimed that he was unaware that he had been appointed an attorney during the General Sessions Court proceedings. Petitioner also alleged that he was not advised of his rights by his attorney before entering his plea. The interpreter told him to plead guilty. Petitioner was unaware that he had the opportunity to plead not guilty.

Petitioner testified that the general sessions judge spoke with him prior to the plea, however Petitioner did not remember what the judge told him.

Rosa Quinteros, Petitioner's cousin, brought the vehicle registration and proof of insurance to the hearing on April 26, 2007. Ms. Quinteros was aware that Petitioner had an attorney and was able to bring the documents to the attention of the attorney prior to the entry of the plea. Ms. Quinteros remembered seeing the interpreter with Petitioner and the attorney prior to the plea and heard the trial judge inform Petitioner of his rights. Specifically, Ms. Quinteros recalled that the judge informed Petitioner he had a right to plead not guilty.

The interpreter, Elena Ottaway, was present at the hearing. She did not specifically recall Petitioner's case but informed the post-conviction court that her job was to translate word-for-word what the attorney and the judge say to the defendants. During a routine docket, Ms. Ottaway meets with the public defender and each defendant.

Ms. Ottaway denied giving legal advice to defendants. In fact, she claimed that she had never spoken to a defendant without the presence of counsel. Further, Ms. Ottaway stated that the judge informed each defendant of his rights prior to every plea hearing in which she had been involved.

---

[1] Because the guilty plea occurred in General Sessions Court and General Sessions Court is not a court of record, there is no transcript of the proceedings.

Trial counsel for Petitioner did not specifically recall Petitioner's case. Trial counsel informed the post-conviction court that she had a large volume of cases each day on the review docket and that it was possible that she had not explained the rights to Petitioner prior to his plea. However, trial counsel insisted that the trial judge always explained the rights to the defendants prior to the entry of the plea.

At a separate hearing, the trial judge testified. She explained that the review docket was established to review cases for people who have been arrested and jailed within the last twenty-four hours on minor charges. The purpose of the review docket is to dispose of the cases quickly and efficiently so that the people do not have to spend an extended amount of time in jail. The trial judge did not specifically remember Petitioner but testified that she never permits the entry of a guilty plea without at least informing a defendant of his rights. The trial judge claimed that she often informs defendants of their rights multiple times. The trial judge stated that she has never personally witnessed an interpreter speaking to a defendant without the presence of an attorney.

Adon Xavier Rivera also testified at the post-conviction hearing. Mr. Rivera also pled guilty to driving without a license while Ms. Ottaway was the interpreter. According to Mr. Rivera, Ms. Ottaway told him that he had to plead guilty. However, Mr. Rivera remembered that the judge informed him of his rights prior to his plea.

At the conclusion of the post-conviction hearing, the court took the matter under advisement. In an order, the post-conviction court determined that trial counsel for Petitioner was credible. The post-conviction court noted her "arguably deficient" representation of Petitioner "due to the difficult circumstances and conditions of the docket in question" but found that the deficiency was not prejudicial. Further, the post-conviction court accredited the testimony of the general sessions judge that Petitioner was advised of his rights prior to the entry of his guilty plea. The post-conviction court also found that Ms. Ottaway "followed the correct procedure in this case" and found "no basis" for Petitioner's allegation that Ms. Ottaway was engaged in the unauthorized practice of law. The court found the testimony of Ms. Quinteros to be, in part, contradictory to the testimony of Petitioner. Finally, the post-conviction court gave "very little weight" to the testimony of Mr. Rivera. The post-conviction court held that Petitioner did not receive ineffective assistance of counsel and that he did not enter an unknowing or involuntary guilty plea. As a result, the post-conviction court denied the petition for relief.

Petitioner filed a timely notice of appeal. On appeal, he challenges the denial of his petition for post-conviction relief and argues that the interpreter engaged in the unauthorized practice of law.

*Analysis*
*Post-Conviction Standard of Review*

The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. *See State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). During our review

of the issues raised, we will afford those findings of fact the weight of a jury verdict, and this Court is bound by the post-conviction court's findings unless the evidence in the record preponderates against those findings. *See Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *Alley v. State*, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This Court may not reweigh or re-evaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court. *See State v. Honeycutt*, 54 S.W.3d 762, 766 (Tenn. 2001). However, the post-conviction court's conclusions of law are reviewed under a purely de novo standard with no presumption of correctness. *See Shields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

*Ineffective Assistance of Counsel*

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing that (a) the services rendered by trial counsel were deficient and (b) that the deficient performance was prejudicial. *See Powers v. State*, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996). In order to demonstrate deficient performance, the petitioner must show that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). In order to demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley v. State*, 960 S.W.2d 572, 580 (Tenn. 1997).

As noted above, this Court will afford the post-conviction court's factual findings a presumption of correctness, rendering them conclusive on appeal unless the record preponderates against the court's findings. *See id.* at 578. However, our supreme court has "determined that issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact . . . ; thus, [appellate] review of [these issues] is de novo" with no presumption of correctness. *Burns*, 6 S.W.3d at 461.

Furthermore, on claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight. *See Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. 1994). This Court may not second-guess a reasonably-based trial strategy, and we cannot grant relief based on a sound, but unsuccessful, tactical decision made during the course of the proceedings. *See id.* However, such deference to the tactical decisions of counsel applies only if counsel makes those decisions after adequate preparation for the case. *See Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Once a guilty plea has been entered, effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea. In this respect, such claims of ineffective assistance necessarily implicate the principle that guilty pleas be voluntarily and intelligently made. *See Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (citing *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). As

-4-

stated above, in order to successfully challenge the effectiveness of counsel, Petitioner must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *See Baxter*, 523 S.W.2d at 936. Under *Strickland v. Washington*, 466 U.S. 668, 694 (1984), the petitioner must establish: (1) deficient representation; and (2) prejudice resulting from the deficiency. However, in the context of a guilty plea, to satisfy the second prong of *Strickland*, Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59; *see also Walton v. State*, 966 S.W.2d 54, 55 (Tenn. Crim. App. 1997).

When analyzing a guilty plea, we look to the federal standard announced in *Boykin v. Alabama*, 395 U.S. 238 (1969), and the State standard set out in *State v. Mackey*, 553 S.W.2d 337 (Tenn. 1977). *State v. Pettus*, 986 S.W.2d 540, 542 (Tenn. 1999). In *Boykin*, the United States Supreme Court held that there must be an affirmative showing in the trial court that a guilty plea was voluntarily and knowingly given before it can be accepted. *Boykin*, 395 U.S. at 242. Similarly, our Tennessee Supreme Court in *Mackey* required an affirmative showing of a voluntary and knowing guilty plea, namely, that the defendant has been made aware of the significant consequences of such a plea. *Pettus*, 986 S.W .2d at 542.

A plea is not "voluntary" if it results from ignorance, misunderstanding, coercion, inducements, or threats. *Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993). The trial court must determine if the guilty plea is "knowing" by questioning the defendant to make sure he fully understands the plea and its consequences. *Pettus*, 986 S.W.2d at 542; *Blankenship*, 858 S .W.2d at 904.

Petitioner has failed to prove that had he been advised of his right to plead not guilty, he would have done so and insisted on proceeding to trial. The evidence showed that trial counsel did not recall if she informed Petitioner of his rights prior to the plea but that the trial judge informed Petitioner of his rights prior to the entry of the plea. The interpreter also testified that she had never been involved in a situation where the Petitioner was not advised of his rights prior to the entry of the plea. The post-conviction court accredited the testimony of the general sessions judge to the effect that she always informs a defendant of his rights before accepting a guilty plea. Further, Petitioner's own witnesses did not support his allegations. Ms. Quinteros testified that the trial judge informed Petitioner of his rights. Moreover, Mr. Rivera testified that the trial judge informed him of his rights prior to his own plea. The record supports the post-conviction court's determination. In other words, Petitioner has failed to establish by clear and convincing evidence that his guilty plea was involuntary and unknowing. The record amply supports the post-conviction court's determination that Petitioner was given an interpreter and advised of his rights.

*Unauthorized Practice of Law*

Finally, Petitioner asserts that the interpreter, Ms. Ottaway was engaged in the unauthorized practice of law. The record does not support this claim. The post-conviction court accredited the testimony of Ms. Ottaway that indicated that Petitioner was informed of his rights by the trial court

and possibly his trial counsel and that she simply translated the advice.  Petitioner has failed to prove this allegation by clear and convincing evidence.


*Conclusion*

For the foregoing reasons, the judgment of the post-conviction court is affirmed.


_____
JERRY L. SMITH, JUDGE